STATE OF NEBRASKA, APPELLEE, V. GERALD RICHTER, APPELLANT.

371 N.W.2d 125

Filed July 26, 1985.   No. 85-066.

Kathy Goudy and James T. Hansen, for appellant.

Robert M. Spire, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Upon pleas of no contest to felonious destruction of property and misdemeanor destruction of property in violation of Neb. Rev. Stat. § 28-519 (Reissue 1979), the defendant was sentenced to imprisonment for 1 to 2 years on count I and 6 months on count II, the sentences to run concurrently. The defendant has appealed and has assigned as error (1) that his pleas were not voluntarily made, (2) that no factual basis existed for the pleas, and (3) that the sentences imposed were excessive.

The defendant originally pleaded "not guilty" to three felony counts including a charge of use of a firearm in the commission of a felony. He subsequently changed his pleas to "no contest" pursuant to a plea bargain in which the third count was dismissed and the second count reduced to misdemeanor destruction of property. The State also agreed to make no comments regarding the sentencing.

At the arraignment on the amended information, the trial court explained the nature of the charges and possible penalties and that the court was not bound by any plea bargain. The court further explained that a plea of "no contest" waived the defendant's constitutional rights to a jury trial, compulsory process, confrontation, the presumption of innocence, and the requirement the State prove his guilt beyond a reasonable doubt. To each of these advisements the defendant replied that he understood. During the arraignment, some reference was made to advice concerning constitutional rights that had been made at an earlier arraignment. The record of that arraignment is not before us.

When an assertion is made that a plea of guilty was involuntarily made, one of the propositions that may be inherent in that claim is that some, if not all, of the defendant's constitutional rights were either not explained to or waived by the defendant. As the defendant chose not to include the entire proceedings, i.e., the initial arraignment, in the bill of exceptions, we do not consider any deficiency that may have existed in the court's explanation of the defendant's constitutional rights.

Following a statement as to the factual basis for the charges by the deputy county attorney, the defendant's plea was

accepted, and he was found guilty as charged. Sentence was imposed later, after receipt of a presentence report. At all times the defendant was represented by counsel and stated that he was satisfied with that representation.

A plea of no contest places the defendant in the same position as a plea of guilty so far as sentencing is concerned. Such a plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971); *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

It is clear from the record before us that the defendant's pleas in this case were voluntarily and intelligently made.

Although the defendant contends that he pleaded "no contest" under the impression that he would receive a light jail sentence, the trial court made it clear that the court was not bound by any agreement limiting sentence and specifically told the defendant the court would not accept his plea if the defendant believed that was the case. The defendant understood the court's position. The court said, "but I want you to know today clearly on the record without a doubt, that I'm not bound by any sentencing. And if you think I am, I'm not going to accept your pleas. Do you see what I mean?" The defendant replied, "Yes."

A defendant has no legal basis to rely on a sentence recommendation as part of a plea agreement where the trial court has made it clear that it was not in any way bound by such agreement. *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); *State v. Hutton*, 218 Neb. 420, 355 N.W.2d 518 (1984). The first assignment is without merit.

In his second assignment of error the defendant claims there was no evidence that the felonious destruction of property in count I exceeded $300 as required under the statute. See § 28-519(2).

The factual basis as recited in court established that on June 27, 1984, following a fight with the proprietor of the Wooden Nickel Bar in Scottsbluff, Nebraska, the defendant left the bar, only to return about 10 minutes later with a shotgun. He then shot out two double pane glass windows at the front of the bar

and the windshield of a car parked nearby. Defendant was also seen walking on the hood, top, and back of the proprietor's car. Defendant was arrested at his home a short time later. The gun was retrieved from the defendant's mother's house, and four empty shotgun shells were found in the defendant's pickup truck.

The presentence report contains estimates which place the damage to the bar windows at $740 and repairs to the owner's car as high as $1,473. Damage to the other car was slightly more than $300.

The damage to the windows of the bar, which alone exceeded $700, and to the owner's automobile was included in count I and clearly represents damage over the statutory amount of $300 and constitutes felonious destruction of property.

A factual basis may be determined from inquiry of the defendant or county attorney, or by examination of the presentence investigation. *State v. Sare*, 209 Neb. 91, 306 N.W.2d 164 (1981). Both the statement of the deputy county attorney and the reports contained in the presentence investigation established a factual basis for the charges.

Finally, the defendant claims the sentences imposed were excessive.

A sentence imposed within the statutory limits will not be disturbed on appeal unless the trial court abused its discretion. *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985); *State v. Gillette*, 218 Neb. 672, 357 N.W.2d 472 (1984).

In imposing a sentence, matters which should be considered by the trial court include the defendant's past criminal record, the motivation for the offense, the nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Swillie*, 218 Neb. 551, 357 N.W.2d 212 (1984); *State v. Stranghoener*, 208 Neb. 598, 304 N.W.2d 679 (1981).

In this case the maximum sentence under count I is 5 years' imprisonment and a $10,000 fine. § 28-519(2) and Neb. Rev. Stat. § 28-105 (Reissue 1979). The maximum for count II is 6 months' imprisonment and a $1,000 fine. § 28-519(3) and Neb. Rev. Stat. § 28-106 (Cum. Supp. 1984). The sentences imposed were well within the statutory limits.

The defendant is 34 years of age. He has been convicted of a

number of minor offenses. In 1978 he received two concurrent sentences to imprisonment for 1 year. In light of the defendant's criminal record, the injuries which could have resulted from his use of a shotgun in the commission of the crime, and the deliberation the defendant took in leaving the scene and then returning 10 minutes later to commit the crime, the sentences imposed were not excessive. To paraphrase the trial judge, to impose lesser sentences would be to depreciate the seriousness of the offenses.

The judgment is affirmed.

AFFIRMED.