STATE OF NEBRASKA, APPELLEE, V. MICHAEL E. PAUL, APPELLANT.
592 N.W. 2d 148

Filed April 9, 1999.    No. S-97-1081.

Radley E. Clemens for appellant.

Paul D. Kratz, Omaha City Attorney, Martin J. Conboy III, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

HENDRY, C.J.
The State of Nebraska petitions for further review of the Nebraska Court of Appeals' decision reversing Michael E. Paul's conviction for sexual assault and battery, lewd conduct, and soliciting lewd conduct. We reverse, and remand.

## BACKGROUND
On April 7, 1997, a plainclothes officer observed Paul enter a men's restroom at "Lake Cunningham" at "96th and Rainwood." When the officer entered the restroom, Paul pulled his pants down, sat on the toilet, and told the officer to come closer. As the officer approached, Paul reached out and rubbed the officer's groin area. Paul was then arrested and charged with

sexual assault and battery, lewd conduct, and soliciting lewd conduct, in violation of §§ 20-61(d), 20-112, and 20-113 of the Omaha city ordinances.

On May 12, 1997, a group arraignment was held. During the arraignment, the following colloquy occurred, where a county court judge advised the defendants of their constitutional rights.

THE COURT: . . . . I am going to go through the rights that apply to each one of you no matter what your charge is. Please listen very carefully to this because if you decide to plead either guilty or no contest you will give up these rights I am telling you about. So make sure you understand them before you make a decision to give them up.

You have the right to trial by jury; the right to confront your accusers; to see, hear and question the witnesses against you; to bring witnesses on your side of the case if you wish. . . . You have the right to remain silent. You don't have to tell your side of the case. You don't have to answer questions about what happened if you don't want to. You have the right to a lawyer. If you cannot afford a lawyer you must tell me today. If you ask me for a lawyer I have to ask you questions about your money situation. I am not being nosey, I have to do this. If I decide you cannot pay for a lawyer I will give you one free. You are presumed innocent. The prosecutor has to prove you guilty with proof beyond a reasonable doubt overcoming your presumption of innocence. Now those are your rights.

If you plead either guilty or no contest you give them up. The only rights you will still have would be the right to appeal and to have a lawyer for that appeal free if you cannot afford your own at that time.

Paul was later taken to another courtroom where his arraignment was continued before a second county court judge. The arraignment proceeded with the second judge explaining the charges brought against Paul and the possible punishments, which Paul stated he understood. The following colloquy then occurred:

THE COURT: Were you in [the first judge's] court when she described the rights that each defendant has?

MR. PAUL: 1 sure was, sir.

THE COURT: Did you understand all those rights?

MR. PAUL: I did so.

THE COURT: All right. No right to a jury trial. Trial will have to be to a judge only. With all of your rights in mind, how do you want to plead to these charges?

MR. PAUL: Guilty.

THE COURT: If you plead guilty you get convicted and you give up all of the rights that I described and you face the penalties that I just told you about. Do you understand that?

MR. PAUL: Yes, sir. I do.

THE COURT: Are these your free and voluntary pleas?

MR. PAUL: Yes, sir.

The State then summarized the facts leading to Paul's arrest. After hearing the facts, the court accepted Paul's guilty pleas, found him guilty, and immediately sentenced him to 30 days' incarceration on each count, to run concurrently.

On September 10, 1997, Paul filed a statement of errors with the Douglas County District Court alleging various errors, none of which questioned the validity of his plea. On September 12, the district court summarily affirmed the convictions and sentences. Paul thereafter appealed to the Nebraska Court of Appeals on October 20, 1997.

In an opinion not designated for permanent publication, filed September 15, 1998, the Nebraska Court of Appeals reversed, and remanded on two grounds, both plain error. First, relying on *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996), the court held that Paul "was erroneously instructed that he had the right to counsel, but that if he pled guilty, he gave up the right to counsel." The court determined the error was of "constitutional magnitude." Second, the court also noted plain error regarding the factual basis for the plea. The court observed that the prosecutor stated that the incident occurred at " 'Lake Cunningham.' " The court noted that the crime report established " '96th & Rainwood' " as the crime location. The court ascertained that the record failed to contain any reference to the city or county where "Lake Cunningham" or "96th and Rainwood" was located. Again relying on *State v. Dodson, supra*, the Court of Appeals concluded that the record was

insufficient to establish venue and that the trial court abused its discretion in accepting the plea.

## ASSIGNMENTS OF ERROR

Rephrased and summarized, the State claims that the Court of Appeals erred in (1) determining Paul was erroneously instructed regarding his constitutional right to counsel, (2) noting plain error regarding the factual basis for Paul's guilty plea, and (3) resolving a case on plain error without providing notice or an opportunity to be heard.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Dodson, supra.* An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Hill*, 255 Neb. 173, 583 N.W.2d 20 (1998).

## ANALYSIS

### PLEA OF GUILTY

The State first claims the Court of Appeals erred in determining Paul was erroneously advised regarding the constitutional right to counsel. The State contends the record supports the county court's finding that Paul was aware of his right to counsel and, by word and conduct, knowingly waived the right. The State essentially claims the county court complied with *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and that Paul knowingly waived his right to counsel after being informed of the right by the county court.

To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged.

*State v. Irish, supra; State v. Tweedy,* 209 Neb. 649, 309 N.W.2d 94 (1981).

A valid guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. *State v. Dodson, supra.* As most recently stated in *State v. Hays,* 253 Neb. 467, 570 N.W.2d 823 (1997), a criminal defendant must understand that a valid guilty plea constitutes a waiver of the right of confrontation, the right to a jury trial, and the privilege against self-incrimination. However, a valid guilty plea does not waive the constitutional right to counsel, because the right is not restricted to the actual trial on the merits. *Id.; State v. Ninneman,* 179 Neb. 729, 140 N.W.2d 5 (1966), *cert. denied* 385 U.S. 838, 87 S. Ct. 85, 17 L. Ed. 2d 72. See, *Godinez v. Moran,* 509 U.S. 389, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993); *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 2d 158 (1932). A guilty plea does not waive the right to counsel during the "critical stages" of criminal proceedings, including pleading, sentencing, and appeal. See *State v. Harig,* 192 Neb. 49, 218 N.W.2d 884 (1974).

In the case at bar, the county court essentially informed Paul that if he pled guilty he would "give up" the right to counsel at the time of pleading. The county court also informed Paul that if he pled guilty, the only rights he retained were the rights to an appeal and to a lawyer for that appeal. The county court did not, however, inform Paul of his right to counsel at the time of sentencing. In *State v. Dodson,* 250 Neb. 584, 550 N.W.2d 347 (1996), we held that inaccurately instructing a criminal defendant regarding his or her constitutional right to counsel renders a guilty plea invalid. However, three dissenting justices reasoned that such an error was not prejudicial considering the trial record as a whole. *State v. Dodson, supra* (Wright, J., dissenting, joined by Connolly and Gerrard, JJ.).

The trial court's advisement regarding Paul's right to counsel at the time of pleading was incorrect. See *State v. Dodson, supra.* However, how was Paul prejudiced by his plea of guilty? As reasoned in the dissent to *State v. Dodson,* 250 Neb. at 595-96, 550 N.W.2d at 355-56:

> Whether Dodson could have a lawyer after he pled guilty is clearly not the issue. The trial court's instruction

to Dodson that he had a right to counsel, but that if he pled guilty, he did not have a right to counsel, even if incorrect, clearly did not prejudice Dodson.

Paul complains he was prejudiced and, as a consequence, that he should be allowed to withdraw his plea of guilty. See *State v. Jipp*, 214 Neb. 577, 334 N.W.2d 805 (1983) (holding defendant must allege and prove that omission by trial court has resulted in prejudice to him or her constituting manifest injustice that would require that defendant be given opportunity to withdraw plea). However, we fail to see how Paul was prejudiced by the entry of his plea of guilty. What prejudice or inducement befell Paul by the subsequent discovery that he retained his right to counsel even after he entered his plea of guilty? If any prejudice did occur, such prejudice would exist only as to those critical stages of the proceeding as to which Paul was not advised of his right to counsel. Under the record presented, that would be at sentencing. As such, we determine the county court did not abuse its discretion in accepting Paul's plea of guilty. See *State v. Hill*, 255 Neb. 173, 583 N.W.2d 20 (1998).

As noted previously, the county court's advisement to Paul indicated that once he entered his plea of "either guilty or no contest . . . [t]he only rights you will still have would be the right to appeal and to have a lawyer for that appeal . . . ." This advisement was incorrect. While criminal defendants need not be advised of the right to counsel at every separate stage of the criminal proceedings, *State v. Harig, supra*, the initial advisement must at least be accurate, *State v. Dodson, supra*. The advisement given to Paul indicated that by pleading guilty he waived the right to counsel not only at the pleading stage, but also at the sentencing stage. The issue then becomes whether this error was prejudicial. See *State v. Jipp, supra*.

In *State v. Tweedy*, 209 Neb. 649, 652, 309 N.W.2d 94, 97 (1981), we stated: "If we concede that the record must affirmatively show an intelligent plea, understandingly entered, it is difficult to imagine how this can be demonstrated unless that same record discloses knowledge on the part of a defendant as to *what rights* he is waiving when entering such plea." (Emphasis supplied.) "It is implicit in this reasoning that a

defendant must realize that by pleading guilty he is waiving *certain rights* of which he has been advised." (Emphasis supplied.) *State v. Hays*, 253 Neb. 467, 473, 570 N.W.2d 823, 828 (1997).

An effective waiver of the federal right to counsel is sufficient to waive the right to counsel under our state Constitution. *State v. Wilson*, 252 Neb. 637, 564 N.W.2d 241 (1997). The State has the burden of establishing a knowing and intelligent waiver of a defendant's constitutional right to counsel. *Id.* (citing *Michigan v. Jackson*, 475 U.S. 625, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986)). In determining whether there has been a knowing and voluntary waiver of the right to counsel, the key inquiry is whether the defendant was *sufficiently aware* of the right to have counsel and of the possible consequences of a decision to forgo the aid of counsel. *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). The waiver of constitutional rights must be done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).

Where a criminal defendant is not advised of his or her right to counsel at sentencing, such omission is prejudicial. See, *Chandler v. Fretag*, 348 U.S. 3, 75 S. Ct. 1, 99 L. Ed. 4 (1954) (stating that even though defendant has previously waived right to counsel at prior stages, he or she may request and receive counsel at sentencing); *Mathis v. Burke*, 307 F. Supp. 429, 431 (E.D. Wis. 1969) (stating that "[t]he right to counsel at sentencing is an important one which is carefully guarded," citing *Mempa v. Rhay*, 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967)); *Rini v. Katzenbach*, 403 F.2d 697, 699-700 (7th Cir. 1968) (stating that "[s]entencing is a crucial point in the criminal process at which counsel should be present, if the right is not waived").

The importance of counsel at sentencing was made emphatically clear by the Supreme Court in *McConnell v. Rhay*, 393 U.S. 2, 3-4, 89 S. Ct. 32, 21 L. Ed. 2d 2 (1968), where the Court stated that the right to counsel at sentencing

relates to "the very integrity of the fact-finding process."
. . . As we said in *Mempa* [*v. Rhay*, 389 U.S. 128, 88 S. Ct.

254, 19 L. Ed. 2d 336 (1967)], "the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent."

We therefore hold that an advisement to a criminal defendant which indicates he or she has no constitutional right to counsel at the time of sentencing is prejudicial error, and as such, Paul is to be resentenced after being advised of his right to counsel.

## FACTUAL BASIS FOR PLEA

The State next claims the Court of Appeals erred in noting plain error regarding the factual basis for Paul's plea of guilty. The record discloses the incident occurred at "Lake Cunningham" at "96th and Rainwood." The record does not, however, contain any reference to the city or county where "Lake Cunningham" or "96th and Rainwood" is located. Relying on our holding in *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996), the Court of Appeals noted plain error regarding the factual basis of Paul's plea of guilty.

We have recently reaffirmed several basic precepts regarding the doctrine of plain error. Errors which are neither assigned nor argued will not be considered by an appellate court. *Myers v. Nebraska Equal Opp. Comm.*, 255 Neb. 156, 582 N.W.2d 362 (1998). Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997). Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998).

Assuming, without deciding, that the record does not clearly establish that Paul's admitted offense occurred in Douglas County, we find plain error did not occur. Paul did not raise, assign, or argue the failure to establish venue in either the district court or the Court of Appeals. We therefore conclude that,

under the record presented, no miscarriage of justice occurred which would result in damage to the integrity, reputation, and fairness of the judicial process.

The Court of Appeals' determination that plain error occurred with respect to venue is reversed, and the county court's finding that an adequate factual basis had been shown for the acceptance of the guilty plea is hereby reinstated. To the extent *State v. Dodson, supra*, is inconsistent with this opinion, it is overruled.

### PLAIN ERROR WITH NOTICE

Finally, the State argues the Court of Appeals erred in resolving a case on plain error without providing notice or an opportunity to be heard. This portion of the State's argument has been addressed above and need not be considered further.

### CONCLUSION

The failure of the county court to advise Paul of his right to counsel at sentencing was not prejudicial error with respect to the acceptance of his guilty plea. However, the incomplete advisement was prejudicial to Paul's rights at the time of sentencing, and he must therefore be resentenced after being advised of his constitutional right to counsel at that stage of the proceeding. We therefore reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals, directing the court to remand the cause to the district court with directions to remand the cause to the county court for resentencing.

REVERSED AND REMANDED.

MILLER-LERMAN, J., not participating.

GERRARD, J., concurs in the result.