STATE OF NEBRASKA, APPELLEE, V.
NICOLE M. SMITH, APPELLANT.
668 N.W.2d 482

Filed September 5, 2003.    No. S-02-1203.

Mark A. Keenan, of Moyer, Moyer, Egley, Fullner & Warnmunde, for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Nicole M. Smith pled guilty to charges of driving under suspension and speeding. The Boone County Court sentenced Smith to 30 days in jail, with credit for time served, and revoked her operator's license for a period of 1 year for driving under suspension. The county court fined her $25 for speeding. Smith appealed her convictions and sentences to the Boone County District Court, which affirmed.

## SCOPE OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999).

A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002).

## FACTS

On June 3, 2002, Smith appeared pro se before the Boone County Court for arraignment on charges of driving under suspension and speeding. The county court conducted a group arraignment, advising the defendants of their constitutional rights as follows:

> And I would ask all parties present to listen carefully as I proceed to the rights and the pleas that will be available to you.
>
> If you've been charged with a violation of a misdemeanor or city ordinance, you have the following rights; you have the right at all stages of these proceedings to hire and be represented by an attorney of your own choice at your own expense. You have a right to a court appointed attorney if you're found to be indigent under the law, unable to afford

an attorney and if you're charged with an offense which has a possible jail sentence. You have a right to have a trial. You have a right to have a trial by jury if you're charged with a misdemeanor. . . .

. . . You may waive your right to a jury trial. You have a right to be presumed innocent and the state or city has a burden of proving you guilty beyond a reasonable doubt. You have a right to confront and cross-examine witnesses that testify against you. You have a right to compulsory process under the law to call witnesses to court to testify on your behalf. You have a right to remain silent and that would not be held against you. You have a right to testify at your trial, but anything you say may be used against you. You have a right, if under age 18 at the time of the alleged offense, to request a transfer to the juvenile court. You have a right to appeal any final order or decision of the court and have a transcript of the proceedings made for that purpose. You have a right to bond pending further proceedings for your possible release and have it reviewed by the court. . . .

The following pleas are available to you. A plea of guilty or no contest waives or gives up the following rights; the right to have a trial, if appropriate, a trial by jury. Your right to confront and cross-examine the witnesses who would testify against you. You have a right to remain silent. [The right to raise a]ny defenses you may have had. If you plead guilty or no contest to a misdemeanor or ordinance, you may be found guilty and you will then be subject to any or all penalties allowed pursuant to laws to said misdemeanor or ordinance. . . .

. . . .

The following procedures will be followed. When you come forward, you'll be asked to give your correct name and your current mailing [address] and state if you're under age 18. You'll be asked if you understand the rights and the pleas that have been explained to you. If you have no questions, you'll be presumed to understand the rights and pleas that have been explained to you.

The county court also explained that a not guilty plea preserves certain rights.

When the county court called Smith's case, she stated her name and address, and the following dialog occurred: "THE COURT: And at this time, do you understand the rights and pleas that I've explained? [Smith]: Yes. THE COURT: Any questions about them? [Smith]: No."

Smith was then advised that she was charged with driving under suspension and speeding. The county court explained the possible penalties for each offense, and thereafter, Smith pled guilty to both charges. The State provided a factual basis for the charges, and the county court accepted Smith's pleas. The county court then granted Smith allocution and sentenced her. She received a sentence of 30 days in jail, her operator's license was revoked for 1 year for driving under suspension, and she was fined $25 for speeding.

Smith appealed her convictions and sentences to the Boone County District Court, setting forth the following issues for the court's review: (1) whether Smith's guilty pleas were valid in accordance with *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997); (2) whether the county court abused its discretion in sentencing Smith; and (3) whether the sentences were excessive. The district court affirmed the judgment of the county court in all respects. Smith timely appealed.

The State filed a motion for summary affirmance, which was overruled by the Nebraska Court of Appeals. We moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Court of Appeals.

## ASSIGNMENTS OF ERROR

Smith makes the following assignments of error: (1) The Boone County Court erred in failing to comply with the requirements of *Hays*, thereby invalidating her guilty pleas, and (2) the Boone County District Court erred in finding that the county court had complied with *Hays* and, as a result, erred in affirming the county court's judgment.

## ANALYSIS

Smith argues that the record does not affirmatively disclose a waiver of her right to confront witnesses against her, her right to a jury trial, and her privilege against self-incrimination, and she

asserts that as a consequence, her guilty pleas are invalid. While Smith acknowledges that the county court asked her, "[D]o you understand the rights and pleas that I've explained," she argues that the court failed to ask her whether she understood the effects of pleading guilty. Smith contends there is a difference between understanding one's constitutional rights and understanding that pleading guilty constitutes a waiver of such rights. She argues that in the absence of an express waiver of her rights, the county court should have examined her to determine whether, in fact, she understood that by pleading guilty, she waived her rights to confrontation and a jury trial and the privilege against self-incrimination.

Smith also argues that the county court incorrectly advised her that by pleading guilty, she would continue to have the right to remain silent. She asserts that it was the county court's responsibility to make this right clear, particularly when she appeared pro se. She contends that she could not be expected to understand the constitutional rights that she was waiving if the rights were not properly explained to her. She asserts that she could not waive rights of which she had no knowledge. Smith also argues that the arraignment checklist completed by the county court is not supported by what occurred in the courtroom.

The State argues that the record, read as a whole, establishes that Smith understood that by pleading guilty she was waiving her privilege against self-incrimination, right to confront witnesses, and right to a jury trial. The State contends that an express waiver of rights is not required where the record establishes that a defendant understood that certain rights were being waived by pleading guilty.

The State argues that the county court's statement, "[y]ou have a right to remain silent . . . ," read in context, was intended to be one item in a list of rights which would be waived upon pleading guilty. The State asserts that the county court's statement was not ambiguous and that the colloquy between the court and Smith clearly establishes that she understood that she was waiving her right to remain silent by pleading guilty.

The district court concluded that the county court had advised the group of defendants of their right to counsel, their right to trial by jury, their right to a presumption of innocence, their right to

confrontation, their right to compulsory process, their right to remain silent or to testify at trial, and their right of appeal. The district court found that the group was advised that a plea of guilty or no contest waived the rights to trial by jury, to confrontation, and to remain silent. The district court also found (1) that while the county court did not specifically make a finding at the arraignment that Smith understood her rights, the court did personally examine Smith regarding her understanding, and (2) that she answered affirmatively when asked if she understood the rights and pleas explained by the court. The district court further noted the content of the county court's arraignment checklist.

In its order, the district court quoted *State v. Hays*, 253 Neb. 467, 476, 570 N.W.2d 823, 829 (1997), for the proposition that "in every case, the colloquy or the checklist should affirmatively show that the defendant understands that by pleading guilty, he waives his right to confront witnesses against him, his right to a jury trial, and his privilege against self-incrimination, or that the defendant expressly waives said rights." The district court found that the county court's colloquy with Smith, together with the arraignment checklist, complied with the requirements of *Hays*.

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002).

The issue before us is the validity of Smith's guilty pleas. In order to accept a defendant's plea of guilty, the trial court must determine that the plea is voluntarily and intelligently made by the defendant. *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000). To make this determination, the court must question the defendant about certain facts and must also advise the defendant of certain rights to which the defendant is entitled. *Id.* A guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty, the defendant waives the right to confront witnesses against him, the right to a jury trial, and the privilege against self-incrimination, or otherwise

affirmatively shows an express waiver of said rights. *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

■ We have held that to support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002). The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id.*

The county court conducted a group arraignment, advising all the defendants of their rights, including their right to the assistance of counsel, their right to confront witnesses against them, their right to a jury trial, and their privilege against self-incrimination. The county court also informed the group of their plea options and the results of each plea. The county court stated:

> The following pleas are available to you. A plea of guilty or no contest waives or gives up the following rights; the right to have a trial, if appropriate, a trial by jury. Your right to confront and cross-examine the witnesses who would testify against you. You have a right to remain silent. [The right to raise a]ny defenses you may have had.

The county court's statement, "[y]ou have a right to remain silent . . . ," in the context of the court's explanation, indicates that the right to remain silent was one in a list of rights the defendants would be giving up if they pled guilty. Following the county court's recitation of the rights which are waived upon a plea of guilty, the court advised the group concerning the rights which are preserved upon a plea of not guilty, including the right to a trial, the right to confront and cross-examine witnesses, and the right to remain silent.

The county court then explained to the group of defendants that they would be asked if they understood the rights and pleas the court had explained to them. The county court informed the group that if they did not have questions, it would be presumed that they understood the rights and pleas that had been explained to them. The record does not establish that Smith voiced any questions about her rights.

Following the county court's explanation, the court called the defendants' cases individually. When Smith's case was called, the following colloquy occurred: "THE COURT: And at this time, do you understand the rights and pleas that I've explained? [Smith]: Yes. THE COURT: Any questions about them? [Smith]: No." Smith also stated that she wished to proceed without an attorney.

The county court informed Smith of the charges against her, and she stated that she understood the charges and waived the reading of the complaint. The county court informed her of the possible penalties for each offense. Smith then pled guilty to charges of driving under suspension and speeding. The State then provided the factual basis for each charge.

A checklist was completed by the county court which indicated that the following rights and pleas were explained to Smith:

> [The] right to counsel, retained or appointed, at all stages of the proceedings; right to trial by jury if charged with a misdemeanor; right to require State to prove guilty beyond a reasonable doubt; right to confront & cross examine witnesses; right to subpoena witnesses on own behalf[;] right to remain silent; right to testify in own behalf; right to appeal any final order or decision of the Court; right if juvenile to request transfer to Juvenile Court jurisdiction; right to bond pending further proceedings. Explained pleas of not guilty, guilty and no contest including that a plea of guilty or no contest waives rights to a jury trial, privilege against self incrimination; right to confront witnesses against him/her.

The checklist also indicated that Smith waived the reading of the complaint and was advised of the nature of the proceedings, the possible penalties, and enhanced penalties on subsequent offenses. Furthermore, the checklist indicated that Smith made a knowing, voluntary, and intelligent waiver of her right to counsel.

In addition, the checklist indicated the following

> On [Smith's] plea(s) of GUILTY . . . and after personal colloquy with [Smith], the Court finds that [Smith] is competent, understands the nature of the pending charges and possible penalties which may be imposed, both minimum & maximum: that [Smith] understands the consequences of such plea(s) and that said plea(s) waive rights to counsel, confrontation, privilege against self incrimination and

right to jury trial on misdemeanors. Further, the Court find[s] that [Smith's] plea(s) was/were entered voluntarily and not as a result of threats or coercion and that there is factual basis for each count. Therefore, [Smith's] plea(s) is/are accepted and [Smith] is FOUND GUILTY as charged on [counts I and II].

The record establishes that there was a factual basis for Smith's pleas and that Smith knew the range of penalties for the crimes with which she was charged.

After allowing Smith to speak, the county court sentenced her on the charge of driving under suspension to 30 days in jail, revoked her privilege to drive for 1 year from the date of discharge from jail, and ordered her not to operate a motor vehicle for the same amount of time. As to the speeding charge, the county court fined Smith $25 and notified her that points would be deducted from her operator's license.

We conclude that Smith's guilty pleas were voluntarily and intelligently made. The record affirmatively shows that Smith understood that by pleading guilty, she waived the right to confront witnesses against her, the right to a jury trial, and the privilege against self-incrimination. See State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999). The district court did not err in finding that the county court had complied with State v. Hays, 253 Neb. 467, 570 N.W.2d 823 (1997).

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the district court.

AFFIRMED.