IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PARSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL J. PARSON, APPELLANT.

Filed November 17, 2015.    No. A-15-306.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge. Affirmed.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

Michael J. Parson pled no contest to one count of third degree domestic assault in violation of Neb. Rev. Stat. § 28-323(1) (Cum. Supp. 2014). The district court for Lancaster County accepted his plea and sentenced him to 180 days' imprisonment. Parson appeals, contending that (1) the district court erred by relying on double hearsay to determine that a factual basis existed for the plea and (2) his trial counsel was ineffective for failing to object to the factual basis on hearsay grounds. For the following reasons, we affirm.

BACKGROUND

On October 7, 2014, the State filed a complaint in the county court for Lancaster County charging Parson with one count of third degree domestic assault arising out of an incident that occurred on October 5 of that year in Lancaster County, Nebraska. The State alleged that on that date Parson intentionally and knowingly caused bodily injury to his intimate partner, Amanda

Parson, or threatened her with imminent bodily injury. Because the State alleged that Parson had two prior convictions of third degree domestic assault, it charged Parson with a Class IV felony. See § 28-323(4).

Parson waived his right to a preliminary hearing and was bound over to the district court for Lancaster County. On January 26, 2015, the State filed an amended information in the district court reducing the classification of the charge from a Class IV felony to a Class I misdemeanor by omitting the allegation that Parson had two prior convictions of third degree domestic assault. See § 28-323(4). In exchange for the reduced charge, Parson agreed to plead either guilty or no contest.

A plea hearing took place on January 26, 2015. Parson, who was represented by counsel, pled no contest. Prior to accepting his plea, the court inquired into his competency and found him competent. It then advised Parson of the nature of the charge and extensively advised him of the rights he would waive if he pled guilty or no contest. The court ensured Parson understood these rights and understood he would waive them by pleading no contest. The court also explained the range of potential punishments for the crime.

The court asked the prosecutor to provide the factual basis for the charge, which was as follows:

On Sunday, October 5th of 2014, at approximately 6:13 a.m., officers of the Lincoln Police Department were dispatched to [an address in Lancaster County] in regards to a domestic assault. Upon arrival, officers met the resident -- or met the owner of that residence, Sara Mares, and her friend, Kelli Erickson. Ms. Mares said that at approximately 5 a.m. that morning, there was a loud knock at her door. She said Amanda Parsons [sic] had come over and it appeared to her that Amanda Parsons [sic] had been assaulted. She observed, on Ms. Parsons' [sic] face -- she observed bruising on Ms. Parsons' [sic] face and dried blood around her mouth. She said that, at that time, Ms. Parsons [sic] told her that she had been assaulted by her husband, the defendant in this case, Mr. Michael Parsons [sic]. Ms. Parsons [sic] stated, during that night, she rolled over onto the defendant, in bed, which made him angry. She said, at this time, the defendant grabbed her head and slammed it onto the floor several times. Ms. Mares stated that Ms. Parsons [sic] also lifted her shirt to reveal several bruises on her breasts. According to Ms. Mares, Ms. Parsons [sic] said the defendant had grabbed and twisted her breasts and also urinated in her hair. Ms. Parsons [sic] told Ms. Mares that their daughter . . . age 11 at the time, witnessed the assault. Ms. Parsons [sic] also stated that, "He violated me down there," but would not elaborate any further on that.

Ms. Erickson, who was spending the night at Ms. Mares' home, said that she is a friend of Ms. Parsons [sic] as well, and was present during the explanation given by Ms. Parsons [sic]. Ms. Mares said, as she was calling the Lincoln Police Department, Ms. Parsons [sic] told them that she was leaving because she did not want the defendant to lose his job, as he is the main source of family income.

When officers made contact with Ms. Parsons [sic] at her home, she denied any assault had occurred and said that she had fell. Officers observed bruising, swelling and abrasions on her face, as well as dried blood around her mouth.

Ms. Parsons [sic] was very uncooperative and would not allow officers into the home or to take photographs of her.

Ms. Parsons [sic] and the defendant were married at the time.

All of these events occurred in Lancaster County, Nebraska.

After hearing the factual basis, Parson informed the court that he had discussed any and all possible defenses to the charge with his attorney and that he still wished to plead no contest. The court accepted Parson's plea, finding it was freely, voluntarily, knowingly, and intelligently made. The court then sentenced Parson to 180 days' imprisonment. Parson timely appeals to this court.

## ASSIGNMENTS OF ERROR

Restated and renumbered, Parson assigns that (1) the district court erred in relying on double hearsay to find a factual basis for his plea and (2) trial counsel was ineffective by not objecting to the factual basis on hearsay grounds.

## STANDARD OF REVIEW

A plea of no contest is equivalent to a plea of guilty. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). An abuse of discretion takes place when the court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011). In order to establish a right to relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *Sidzyik, supra*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

## ANALYSIS

The voluntary entry of a plea of guilty or no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Trackwell*, 250 Neb. 46, 547 N.W.2d 471 (1996). When a defendant pleads guilty or no contest, he is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008). The establishment of a factual basis for a plea is a component of finding that a plea was understandingly and voluntarily made. *State v. Parks*, 8 Neb. App. 491, 596 N.W.2d 712 (1999). A factual basis for a plea may be determined from inquiry of the defendant, inquiry of the county attorney, or examination of the presentence investigation report. *State v. Richter*, 220 Neb. 551, 371 N.W.2d

125 (1985). One purpose of determining that a factual basis exists is to ensure that a defendant actually committed an offense at least as serious as the one to which he is willing to plead guilty. *State v. Jost*, 219 Neb. 162, 361 N.W.2d 526 (1985).

*Sufficiency of Factual Basis.*

Parson argues that the district court erred in relying on double hearsay to determine that a factual basis existed for his plea. Parson contends that the State's factual basis consisted of statements from Mares as to what Amanda told her; he maintains the statements are inadmissible double hearsay and without them the factual basis is insufficient. He points out that other than Mares' statements as to what Amanda told her, the only facts were the bruises, swelling, and abrasions observed by Mares and the officers. According to Parson, these observations alone do not establish that he committed third degree domestic assault.

Parson has not cited any case, and our research has uncovered none, holding that the Nebraska Rules of Evidence apply to a trial court's inquiry into the factual basis for a plea. In fact, case law suggests otherwise. As stated, a trial court may determine whether a factual basis exists for a plea from inquiry of the defendant, inquiry of the county attorney, or examination of the presentence investigation report. *Richter, supra*. Cleary, this contemplates an informal colloquy between the trial court and the defendant or between the trial court and the county attorney, rather than a formal evidentiary hearing subject to the rules of evidence. Notably, statements from the county attorney would not be admissible under the rules of evidence, yet they are sufficient to establish a factual basis for a plea. See Neb. Rev. Stat. § 27-602 (Reissue 2008) (providing that a witness may testify to a matter only if he or she has personal knowledge of the matter). See, also, Neb. Ct. R. of Prof. Cond. § 3-503.7 (generally prohibiting a lawyer from combining the roles of advocate and witness).

Moreover, Parson's contention that hearsay cannot form part of the factual basis for a plea is undermined by the consideration that statements included in a presentence investigation constitute hearsay. A presentence investigation includes, among other things, any written statements submitted by the victim. Neb. Rev. Stat. § 29-2261(3) (Cum. Supp. 2014). Such statements qualify as hearsay and would be inadmissible at trial. See Neb. Rev. Stat. § 27-801(3) (Reissue 2008) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Nevertheless, they may provide the factual basis for a plea in whole or in part.

Parson asserts that "[t]his matter would be different if the [county attorney] had stated that if this matter went to trial they [sic] would call the alleged victim who would testify as follows." Brief for appellant at 8. He points out that the factual basis suggested that Amanda had been uncooperative with authorities, which implies that she would not be willing to testify against Parson at trial. In essence, Parson is suggesting that to establish a factual basis, the State must indicate which witnesses it would call at trial and how it would prove the defendant's guilt. However, Parson has cited no authority imposing such a requirement, and we have found none. Regardless, it would be pure speculation at this point to conclude that Amanda would be unwilling to testify against Parson at trial, or that Amanda and Parson's daughter would be unwilling to testify (the factual basis indicates that the daughter witnessed the assault).

Having rejected Parson's argument that the factual basis improperly contained double hearsay, we conclude that the trial court did not abuse its discretion in determining that a sufficient factual basis existed for Parson's plea to third degree domestic assault. As pertinent here, a person commits third degree domestic assault if he or she intentionally and knowingly causes bodily injury to his or her intimate partner, which includes a spouse. § 28-323(1)(a), (6). "Bodily injury" means "physical pain, illness, or impairment of physical condition." Neb. Rev. Stat. § 28-109(4) (Reissue 2008). If the State proved the facts contained in the factual basis at trial, including that Parson grabbed Amanda's head and slammed it onto the floor several times, it would prove Parson's guilt of third degree domestic assault beyond a reasonable doubt.

*Ineffective Assistance of Counsel.*

Parson also assigns that trial counsel was ineffective for failing to object to the factual basis for his plea. He contends that counsel should have objected to the factual basis on grounds that it included inadmissible double hearsay. Because we have already concluded that the factual basis was sufficient despite any hearsay included in it, we conclude that Parson's claim for ineffective assistance of counsel has no merit; the record is sufficient for us to make this determination on direct appeal. See *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015) (an ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court for Lancaster County.

AFFIRMED.