IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PARSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL J. PARSON, APPELLANT.

Filed November 17, 2015.    No. A-15-304.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge. Affirmed.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

Michael J. Parson pled no contest to one count of third degree domestic assault in violation of Neb. Rev. Stat. § 28-323(1) (Cum. Supp. 2014) (count I) and one count of third degree assault in violation of Neb. Rev. Stat. § 28-310(1) (Reissue 2008) (count II). The district court for Lancaster County accepted his pleas and sentenced him to consecutive sentences of 90 days' imprisonment. Parson appeals, contending that (1) the factual basis for the pleas was insufficient and (2) his trial counsel was ineffective by not objecting to the factual basis. For the following reasons, we affirm.

BACKGROUND

On April 1, 2014, the State filed a complaint in the county court for Lancaster County charging Parson with one count of third degree domestic assault arising out of an incident that occurred on March 30 of that year in Lancaster County, Nebraska. The State alleged that on that

- 1 -

date Parson intentionally and knowingly caused bodily injury to his intimate partner, Amanda Parson, or threatened her with imminent bodily injury. Because the State alleged that Parson had two prior convictions of third degree domestic assault, it charged Parson with a Class IV felony. See § 28-323(4).

Parson waived his right to a preliminary hearing and was bound over to the district court for Lancaster County. The State filed an information in the district court, which it twice amended. The first amended information added a second count charging Parson with third degree assault, a Class I misdemeanor, see § 28-310(2), and alleged that during the incident on March 30, 2014, Parson intentionally, knowingly, or recklessly caused bodily injury to Tammy Ready, or intentionally threatened her in a menacing manner.

The second amended information, filed January 26, 2015, reduced the classification of count I from a Class IV felony to a Class I misdemeanor by omitting the allegation that Parson had two prior convictions of third degree domestic assault. See § 28-323(4). In exchange for the reduced charge, Parson agreed to plead either guilty or no contest to both counts of the second amended information.

A plea hearing took place on January 26, 2015. Parson, who was represented by counsel, pled no contest to both counts. Prior to accepting his pleas, the court inquired into his competency and found him competent. It then advised Parson of the nature of the charges against him and extensively advised him of the rights he would waive if he pled guilty or no contest. The court ensured Parson understood these rights and understood he would waive them by pleading no contest. The court also explained the range of potential punishments for the crimes charged.

The court asked the prosecutor to provide the factual basis for the charges, which was as follows:

On March 30th of 2014, Ms. Tammy Ready called police to report that she received injuries as a result of being assaulted by the defendant in this case, Mr. Michael Parsons [sic], in the early morning hours of March 30th of 2014.

Ms. Ready explained that she had been at several downtown Lincoln bars with her friend, Amanda Parsons [sic], and Amanda Parsons' [sic] husband, the defendant, Mr. Parsons [sic].

The defendant then became upset while at the bar, when he saw Ms. Ready and Ms. Parsons [sic] talking to other men. Ms. Parsons [sic] and the defendant became involved in a verbal argument, which continued as the trio left the bar and walked to Ms. Parsons' [sic] vehicle. Ms. Ready reports the defendant and Ms. Parsons [sic] were pushing each other during the walk to the car and that the defendant continued his verbal assault on Ms. Parsons [sic] while in the vehicle.

Ms. Parsons [sic] drove the vehicle, with Ms. Ready in the front passenger seat, and Mr. Parsons [sic], the defendant, was sitting behind Ms. Parsons [sic], in the backseat.

Ms. Ready said that she was trying to stay out of the argument and was looking out of the side window when the vehicle began swerving and Ms. Parsons [sic] began crying hysterically. When Ms. Ready turned around, she observed the defendant pulling forcefully on Ms. Parsons' [sic] hair from the back seat.

Ms. Ready attempted to intervene, when she reports she was assaulted by the defendant. Specifically, Ms. Ready stated that the defendant reached up from the back seat, grabbed her right hand, and pulled it towards him violently. Once he had a good grip, he grabbed her fingertip with his other hand and forcefully pulled her fingers back until they touched the back of her right hand. This act caused her severe pain.

When they arrived at Ms. Ready's home, Ms. Parsons [sic] jumped from the vehicle and ran to Ms. Ready's home, in fear of the defendant. The defendant eventually left in the vehicle and Ms. Parsons [sic] found another ride home.

Ms. Parsons [sic] and the defendant were contacted at their home. Ms. Parsons [sic] confirmed that the defendant had pulled her hair, causing her pain. She had no visible injuries. The defendant admitted to pulling Ms. Parsons' [sic] hair, saying she would not stop the vehicle so he could get out, and felt he had no other options to get her attention.

All of these events occurred in Lancaster County, Nebraska.

After hearing the factual basis, Parson informed the court that he had discussed any and all possible defenses to the charges with his attorney and that he still wished to plead no contest. The court accepted Parson's pleas, finding they were freely, voluntarily, knowingly, and intelligently made. The court then sentenced Parson to consecutive sentences of 90 days' imprisonment, for a total of 180 days' imprisonment. Parson timely appeals to this court.

## ASSIGNMENTS OF ERROR

Parson assigns that (1) the district court erred by finding sufficient evidence to form a factual basis and (2) trial counsel was ineffective by not objecting to the lack of evidence to establish a factual basis.

## STANDARD OF REVIEW

A plea of no contest is equivalent to a plea of guilty. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). An abuse of discretion takes place when the court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011). In order to establish a right to relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *Sidzyik, supra.*

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

ANALYSIS

The voluntary entry of a plea of guilty or no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Trackwell*, 250 Neb. 46, 547 N.W.2d 471 (1996). When a defendant pleads guilty or no contest, he is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008). The establishment of a factual basis for a plea is a component of finding that a plea was understandingly and voluntarily made. *State v. Parks*, 8 Neb. App. 491, 596 N.W.2d 712 (1999). A factual basis for a plea may be determined from inquiry of the defendant, inquiry of the county attorney, or examination of the presentence investigation report. *State v. Richter*, 220 Neb. 551, 371 N.W.2d 125 (1985). One purpose of determining that a factual basis exists is to ensure that a defendant actually committed an offense at least as serious as the one to which he is willing to plead guilty. *State v. Jost*, 219 Neb. 162, 361 N.W.2d 526 (1985).

*Sufficiency of Factual Basis*.

Parson argues that the factual basis provided by the prosecutor failed to establish that he committed either third degree domestic assault (count I) or third degree assault (count II). He contends that "what the facts are really telling the lower Court is that the parties were engaged in mutually assaulting each other and had been doing so for some time." Brief for appellant at 8. He further contends that there was "no showing of bodily injury to Ms. Parson" and that the "intervention by Ms. Ready [was] a continuation of the argument and mutual pushing and shoving that started in the bar." *Id*. Parson also urges that the factual basis is deficient in that it fails to indicate "what Ms. Parson was doing, where Ms. Ready [sic] hands were at all times, where [Parson's] hands were at all times, [and] what was being said and who was saying it." Brief for appellant at 9.

We first address Parson's plea to third degree domestic assault. As pertinent here, a person commits third degree domestic assault if he or she intentionally and knowingly causes bodily injury to his or her intimate partner, which includes a spouse. § 28-323(1)(a), (6). "Bodily injury" means "physical pain, illness, or impairment of physical condition." Neb. Rev. Stat. § 28-109(4) (Reissue 2008). The relevant factual basis was that Parson became upset when he saw his wife, Amanda, talking to other men in a bar. Parson and Amanda engaged in a verbal argument and pushed each other as they walked to their vehicle. Once in the vehicle, Parson continued his verbal assault on Amanda. As Amanda drove, Parson forcefully pulled her hair. The vehicle swerved and Amanda began crying hysterically. When they arrived at Ready's house, Amanda jumped from the vehicle and ran to the home, in fear of Parson. Amanda told police that Parson had pulled her hair, causing her pain. Parson admitted to pulling Amanda's hair.

These facts are sufficient to establish that Parson committed the crime of third degree domestic assault. They reveal that as a result of an argument prompted by Amanda's talking to other men in a bar, Parson intentionally and knowingly pulled her hair, causing her physical pain. Although Parson contends that he and Amanda were mutually assaulting each other, the factual basis stated that Amanda was driving the car at the time Parson pulled her hair; it was only before entering the car that Amanda and Parson pushed each other. This fact does not render the factual

- 4 -

basis for the plea insufficient. The district court did not abuse its discretion in finding that a factual basis existed for Parson's plea to third degree domestic assault.

We next address Parson's plea to third degree assault. As pertinent here, a person commits third degree assault if he or she intentionally, knowingly, or recklessly causes bodily injury to another person. § 28-310(1)(a). The relevant factual basis was that after Ready observed Parson forcefully pulling Amanda's hair, Ready attempted to intervene. Parson then reached up from the backseat, grabbed Ready's hand, and pulled it toward him violently. He then forcefully pulled Ready's fingers back until they touched the back of her hand, causing her severe pain.

These facts establish that Parson committed the offense of third degree assault by intentionally, knowingly, or recklessly causing physical pain to Ready when he grabbed her hand and pulled her fingers backward until they touched the back of her hand. Although Parson contends that Ready's act of attempting to intervene was "a continuation of the argument and mutual pushing and shoving that started in the bar," brief for appellant at 8, this does not defeat the factual basis. We note that § 28-310(2) provides that third degree assault is a Class II misdemeanor, rather than a Class I misdemeanor, if it is committed during a fight or scuffle entered into by mutual consent; however, nothing in the factual basis suggests that Parson assaulted Ready during a fight or scuffle entered into by mutual consent. The only mutual scuffle, if any, occurred between Parson and Amanda prior to entering the car; however, that was not a defense to Parson's assault of Ready in the car. In sum, we conclude that the district court did not abuse its discretion in finding that a factual basis existed for Parson's plea to third-degree assault.

We also disagree with Parson that the factual basis was insufficient in that it failed to indicate "what Ms. Parson was doing, where Ms. Ready [sic] hands were at all times, where [Parson's] hands were at all times, [and] what was being said and who was saying it." Brief for appellant at 9. The factual basis provided sufficient facts to provide context and to establish the elements of the crimes charged. This was all the factual detail that was needed.

*Ineffective Assistance of Counsel*.

Parson also assigns that trial counsel was ineffective for failing to object to the factual basis for his pleas. The grounds for Parson's argument are ones we have already rejected: He contends that counsel should have objected to the factual basis on grounds that it failed to indicate that Amanda suffered bodily injury and that the assaults occurred during mutual struggles between Parson and Amanda and between Parson and Ready. Because we have already concluded that the factual basis was sufficient and established the material elements of each crime, we conclude that Parson's ineffective assistance of counsel claim has no merit; the record is sufficient for us to make this determination on direct appeal. See *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015) (an ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court for Lancaster County.

AFFIRMED.