STATE OF NEBRASKA, APPELLEE, V.
JEFFREY BURKHARDT, APPELLANT.
607 N.W.2d 512

Filed March 17, 2000. No. S-99-727.

James R. Mowbray and Kelly S. Breen, of the Nebraska Commission on Public Advocacy, for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

NATURE OF CASE

Pursuant to a plea agreement, Jeffrey Burkhardt pled guilty to one count of manslaughter (count I) and one count of use of a

firearm to commit a felony (count II). Burkhardt was convicted and sentenced to 15 to 20 years' imprisonment on count I and 12 to 30 years' imprisonment on count II, the sentences to be served consecutively. Burkhardt appeals his conviction on count II and asserts that the sentences he received are excessive.

## SCOPE OF REVIEW

■ Sentences within statutory limits will only be disturbed by an appellate court if the sentence complained of was an abuse of judicial discretion. *State v. Bartholomew,* ante p. 174, 602 N.W.2d 510 (1999).

## FACTS

As a result of plea negotiations, an agreement was entered into between the State and Burkhardt which provided that in exchange for pleas of guilty on both counts, the State would amend its charge of first degree murder to manslaughter and would file no further charges. Thus, the third amended information charged Burkhardt in count I with manslaughter, in violation of Neb. Rev. Stat. § 28-305(1) (Reissue 1995), and in count II with use of a firearm to commit a felony, in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1995).

On April 22, 1999, while represented by counsel, Burkhardt pled guilty to the third amended information. The trial court determined that a factual basis had been established; the plea agreement had been explained; and the plea was knowingly, intelligently, and voluntarily made. A presentence investigation was ordered, and on May 27, Burkhardt appeared with counsel for sentencing.

On June 3, 1999, Burkhardt filed a motion for new trial on count II (use of a firearm to commit a felony). The motion requested that the trial court vacate the conviction and sentence imposed on count II. On June 4, the State filed a motion to enforce the plea agreement which alleged, inter alia, that as a result of negotiations with Burkhardt's counsel, a plea agreement was entered into by the parties which provided that in exchange for pleas of guilty on both counts, the State would amend count I from first degree murder to manslaughter and would file no further charges. The State alleged that by Burkhardt's seeking to vacate his conviction on count II, he was in default of the plea agreement.

The State also filed a motion to quash Burkhardt's motion for new trial on the basis that Burkhardt had waived any complaints regarding the information by pleading guilty to the charges, thereby waiving any defect which was not jurisdictional and which could be raised by a motion to quash or a plea in abatement. In addition, the State moved to quash Burkhardt's motion for new trial because it was not filed within 10 days after the trial court accepted Burkhardt's plea and entered a judgment of conviction, as required by Neb. Rev. Stat. § 29-2103 (Reissue 1995).

On June 9, 1999, the trial court overruled the State's motions to quash, declared moot the State's motion to enforce the plea agreement, and overruled Burkhardt's motion for new trial as to count II. On June 15, Burkhardt gave notice of his intention to appeal from the judgments of conviction and sentences and the order overruling his motion for new trial as to count II.

## ASSIGNMENTS OF ERROR

On appeal, Burkhardt assigns as error (1) that the trial court erred in refusing to vacate the conviction and sentence on count II of the information, since the underlying felony in count I is an unintentional crime, and therefore, there was no proof beyond a reasonable doubt that Burkhardt knowingly and purposely used a weapon for the purpose of committing manslaughter and (2) that the court erred in imposing excessive sentences despite substantial mitigating circumstances.

## ANALYSIS

Burkhardt argues that the trial court erred in refusing to vacate the conviction and sentence on count II. He argues that since the underlying felony in count I is an unintentional crime (manslaughter), there is no proof that he used a weapon for the purpose of committing manslaughter. We do not reach this assignment of error, because Burkhardt pled guilty to both counts and has waived any such argument or defect.

█ In order to accept a defendant's plea of guilty, the trial court must determine that the plea is voluntarily and intelligently made by the defendant. To make this determination, the court must question the defendant about certain facts and must also advise the defendant of certain rights to which the defend-

ant is entitled. To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). See, also, *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999). When this information has been disseminated, the court may accept the defendant's plea of guilty.

Once a plea of guilty has been accepted, the defendant waives every defense to the charge. All defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue. *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Trackwell*, 250 Neb. 46, 547 N.W.2d 471 (1996).

The record shows that when Burkhardt entered his plea to the third amended information, he was present with counsel, and that before the trial court accepted Burkhardt's plea of guilty, he was advised by the court of the nature of the charges and that manslaughter is a Class III felony punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both. As to the charge of use of a firearm to commit a felony, Burkhardt was advised that it is a Class II felony punishable by 1 to 50 years' imprisonment and that the sentence for use of a firearm to commit a felony must be served consecutively to any sentence that he would receive regarding the manslaughter charge. Burkhardt was advised of his right to assistance of counsel, the right to confront adverse witnesses, the right to a jury trial, and the privilege against self-incrimination. The court then examined Burkhardt to determine whether he understood the information that was given to him by the court.

Regarding count I, the trial court asked Burkhardt how he wished to plead to the charge that he had killed Adrian Garcia on April 25, 1998, without malice upon a sudden quarrel.

Burkhardt then entered a plea of guilty. As to count II, Burkhardt was asked how he wished to plead to the charge that he had used a firearm to kill Garcia, and Burkhardt also pled guilty. The court then inquired whether Burkhardt understood that by pleading guilty to these charges, he was giving up all the rights that had previously been explained to him, and that by pleading guilty to these charges, he was admitting to the court that the charges were true. Burkhardt responded, "Yes, Your Honor." The court inquired of Burkhardt's counsel whether counsel felt that the pleas of guilty to counts I and II were consistent with the facts and information of which counsel had been made aware. Counsel responded, "Yes." The court then inquired of Burkhardt whether he understood the possible sentences and whether anyone had threatened, coerced, or forced him in any way to make these guilty pleas. Burkhardt responded, "No, Your Honor."

When Burkhardt was asked to state in his own words what occurred on April 25, 1998, he responded, "Shot and killed Adrian Garcia. . . . Self-defense." The court then inquired, "When you say, Mr. Burkhardt, you did it in self-defense, I want to make sure you understand by pleading guilty to the charges in the third-amended information, you are waiving any right to proceed on any self-defense theory, do you understand that?" Burkhardt responded, "Yes, Your Honor." The court next inquired, "And you make that waiver of any plea to any self-defense argument freely and voluntarily?" Burkhardt responded, "Yes, Your Honor."

The trial court then inquired whether the pleas of guilty to the third amended information were the result of plea negotiations and asked the State to recite the plea agreement. The State then recited that in exchange for a plea of guilty to both counts, the State had agreed to amend the information and to file no further charges arising out of this set of facts. The court recited the terms of the plea agreement to Burkhardt and asked if he understood the terms. Burkhardt responded, "Yes, Your Honor." The court then asked Burkhardt if he wished to withdraw his pleas of guilty to these charges or wished the court to accept them. Burkhardt responded that he wished the court to accept them. The court found that the guilty pleas to counts I and II were

knowingly, intelligently, and voluntarily made. The court then asked the State whether it had any other facts which it wished to present, other than the fact that Burkhardt shot Garcia with a handgun. The State proceeded with a narrative of what took place prior to, during, and after the shooting.

The record affirmatively shows that intelligent pleas were made and entered into, and the record discloses that Burkhardt knew the rights he waived when he entered such pleas. See *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). It is apparent from the record that the trial court carefully examined Burkhardt as to the consequences of his pleas. Burkhardt was represented by counsel, and the court found that the pleas were knowingly, intelligently, and voluntarily made. The record adequately supports a factual basis for the pleas of guilty to the charges of manslaughter and use of a weapon to commit a felony. Since the record adequately supports the fact that Burkhardt knowingly, intelligently, and voluntarily entered his pleas of guilty, we conclude that Burkhardt has waived any arguments concerning the first assignment of error.

Burkhardt's second assignment of error is that the trial court erred in imposing excessive sentences. Manslaughter is a Class III felony punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1995) and § 28-305(2). Use of a firearm to commit a felony is a Class II felony punishable by 1 to 50 years' imprisonment. §§ 28-105 and 28-1205(2)(b). Burkhardt was sentenced to 15 to 20 years' imprisonment for manslaughter and 12 to 30 years' imprisonment for use of a firearm to commit a felony, the sentences to be served consecutively.

■ Sentences within statutory limits will only be disturbed by an appellate court if the sentence complained of was an abuse of judicial discretion. *State v. Bartholomew, ante* p. 174, 602 N.W.2d 510 (1999). A judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right, and denying a just result in matters submitted for disposition. *State v. Myers, ante* p. 272, 603 N.W.2d 390 (1999).

The presentence investigation shows that Burkhardt has a significant criminal record, including convictions for distribution

of a controlled substance and possession of a controlled substance with intent to distribute. The sentences imposed herein were well within the statutory limits. Thus, we conclude the trial court did not abuse its discretion in sentencing Burkhardt.

## CONCLUSION

The judgments of conviction and sentences imposed by the district court are affirmed.

AFFIRMED.