755 N.W.2d 816 (2008)
17 Neb. App. 1
STATE of Nebraska, appellee,
v.
Ricky R. DAVENPORT, appellant.
No. A-06-1331.
Court of Appeals of Nebraska.
August 26, 2008.
*818 Ricky R. Davenport, pro se.
Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.
IRWIN, MOORE, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
In 1993, a jury convicted Ricky R. Davenport of manslaughter, use of a firearm in the commission of a felony, and possession of a firearm by a felon. On direct appeal, we affirmed Davenport's convictions and sentences, and we later affirmed the denial of his motion for postconviction relief. Subsequently, the Nebraska Supreme Court determined in State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002), that a defendant could not be convicted of an intentional crime, such as use of a weapon to commit a felony, when the underlying felony is an unintentional crime, such as *819 manslaughter. Based upon the Pruett decision, Davenport filed a second motion for postconviction relief alleging that he received ineffective assistance of counsel at the trial and appellate levels. The district court denied the motion without an evidentiary hearing. We affirm.

BACKGROUND
The State charged Davenport with second degree murder, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. The information alleged that Davenport killed the victim "intentionally, but without premeditation." Davenport presented a self-defense theory at trial. The court instructed the jury that in order to convict Davenport of manslaughter, the State had to prove that Davenport killed the victim "without malice, either (a) intentionally upon a sudden quarrel, or (b) unintentionally while in the commission of the unlawful act of assault," and that his action was not justified as set out in the jury instruction pertaining to self-defense. The jury convicted Davenport of the lesser charge of manslaughter, along with use of a firearm in the commission of a felony and possession of a firearm by a felon. The Douglas County public defender's office represented Davenport at trial and on direct appeal.
On direct appeal, in addition to the numerous assignments of error raised by Davenport's counsel, he argued in a pro se brief that the court failed to adequately instruct the jury because it did not define the term "recklessly" with regard to the manslaughter instruction. We affirmed the convictions and sentences in all respects. See State v. Davenport, No. A-94-009, 1994 WL 642698 (Neb.App. Nov. 15, 1994) (not designated for permanent publication).
Davenport later filed a motion for postconviction relief claiming ineffective assistance of counsel in a number of specified ways, including failing to request a jury instruction (1) on self-defense against a group of people and (2) defining the term "recklessly" for purposes of manslaughter. We held that the record affirmatively showed Davenport was not entitled to postconviction relief and that the district court did not err in overruling the motion without a hearing. See State v. Davenport, No. A-98-571, 1999 WL 703624 (Neb. App. Sept. 7, 1999) (not designated for permanent publication).
On November 3, 2006, Davenport filed a second motion for postconviction relief. Under the broad heading "Defendant's Claims," Davenport claimed "violations of his right to [e]ffective [a]ssistance of [c]ounsel, his right to a [f]air [t]rial, and his right to [d]ue [p]rocess of [l]aw, guaranteed by the Fifth Sixth and the Fourteenth Amendments." Under the heading "Claim I," Davenport asserted that in State v. Jones, 245 Neb. 821, 515 N.W.2d 654 (1994), overruled on other grounds, State v. Burlison, 255 Neb. 190, 583 N.W.2d 31 (1998)  decided 8 months prior to the decision in his direct appeal  the Nebraska Supreme Court held there was no requirement of intent to kill in manslaughter, and he asserted that the stepped jury instruction given in Davenport's case for murder in the second degree and the lesser-included offense of manslaughter was contrary to the ruling in Jones. Under the heading "Claim II," Davenport alleged that after the decisions in his direct appeal and first motion for postconviction relief, the Nebraska Supreme Court determined in State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002), that a defendant could not be convicted of an intentional crime  use of a weapon to commit a felony  when the underlying felony is an unintentional crime, such as manslaughter. He also alleged *820 that using a procedural default to ignore plain error resulting in an unconstitutional incarceration "would render the plain error doctrine and postconviction relief remedies meaningless." The district court dismissed the motion without an evidentiary hearing, stating that "[t]here are no facts raised by [Davenport] leading to issues that could not have been raised on direct appeal or in the prior Motion for Post-Conviction Relief and [Davenport] is not entitled to maintain successive motions for post-conviction relief."
Davenport timely appealed to this court. We sustained in part the State's motion for summary affirmance, affirming the district court's dismissal as to Davenport's "Claim I," but we allowed Davenport's appeal to continue as to his "Claim II."

ASSIGNMENTS OF ERROR
Davenport assigns that the district court erred in (1) finding that his claims were procedurally barred when plain error existed, (2) failing to find that he received ineffective assistance of counsel at the trial and appellate levels, and (3) failing to grant him an evidentiary hearing.

STANDARD OF REVIEW
A defendant requesting postconviction relief must establish the basis for such relief, and the district court's findings will not be disturbed unless they are clearly erroneous. State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008).
Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. Id. When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. Id.
Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. Worth v. Kolbeck, 273 Neb. 163, 728 N.W.2d 282 (2007). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. Id.
A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. State v. Jackson, supra. Whether counsel's performance was deficient and whether that deficiency prejudiced the defendant are legal determinations that an appellate court resolves independently of the lower court's decision. Id.

ANALYSIS
Before reaching Davenport's assignments of error, we set forth the case law leading up to, and including, the decision in State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002).
In State v. Ring, 233 Neb. 720, 447 N.W.2d 908 (1989), the Nebraska Supreme Court determined that an unintentional crime could not serve as the predicate offense for use of a deadly weapon to commit a felony. Gerald Dean Ring was convicted of felony motor vehicle homicide and of using a motor vehicle as a deadly weapon in the commission of the homicide. The Supreme Court held that in order to convict Ring of the use of a deadly weapon charge under Neb.Rev.Stat. § 28-1205 (Reissue 1985), the State had to prove Ring used his vehicle, the weapon at issue, "for the purpose of committing a felony." 233 Neb. at 725, 447 N.W.2d at 911. The Ring court vacated Ring's use of a weapon conviction after determining that felony motor vehicle homicide was, by definition, *821 a felony which is committed unintentionally and that nothing in the record indicated that Ring sought or intended to commit the felony motor vehicle homicide.
In State v. Jones, 245 Neb. 821, 515 N.W.2d 654 (1994), overruled on other grounds, State v. Burlison, 255 Neb. 190, 583 N.W.2d 31 (1998), the Nebraska Supreme Court determined that there was no requirement of intention to kill in committing manslaughter and that the distinction between second degree murder and manslaughter upon a sudden quarrel was the presence or absence of an intention to kill.
Next, the Nebraska Supreme Court rejected a challenge based upon Ring to a plea-based conviction. In State v. Burkhardt, 258 Neb. 1050, 607 N.W.2d 512 (2000), Jeffrey Burkhardt pled guilty to manslaughter and use of a firearm to commit a felony in exchange for the State's amending its charge of first degree murder to manslaughter and filing no further charges. The trial court accepted the plea and convicted Burkhardt of both charges. Burkhardt appealed his convictions, arguing that he could not be convicted of manslaughter and use of a weapon to commit a felony, based upon State v. Ring, supra. But the Supreme Court rejected such argument, stating that "[t]he voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional." State v. Burkhardt, 258 Neb. at 1053, 607 N.W.2d at 515.
Then, in 2002, the Supreme Court released its decision in State v. Pruett, supra. In that case, Stuart R. Pruett, planning "to mess with" his friend, loaded a gun with a "dummy round," and fired it; but the gun instead fired an actual round, which struck and killed Pruett's friend. 263 Neb. at 102, 638 N.W.2d at 813. A jury convicted Pruett of manslaughter by unintentionally causing another's death while committing the offense of reckless assault. After the Supreme Court discussed its decision in State v. Kistenmacher, 231 Neb. 318, 436 N.W.2d 168 (1989), regarding the term "recklessly" and the irrelevancy of subjective intent, the court held that reckless assault was not an intentional crime. The Pruett court then stated: "As a result, under State v. Ring, 233 Neb. 720, 447 N.W.2d 908 (1989), Pruett could not be convicted of using a weapon to commit a felony when the underlying felony was manslaughter due to unintentionally causing [the victim's] death while in the commission of reckless assault." State v. Pruett, 263 Neb. 99, 106, 638 N.W.2d 809, 816 (2002). In so ruling, the Supreme Court specifically rejected the State's argument that Pruett could still be convicted of use of a weapon to commit a felony because he intentionally committed the crime of reckless assault. We note, incidentally, that the Kistenmacher court ultimately affirmed the defendant's convictions for manslaughter and use of a firearm to commit a felony.
With this background in place, we turn to the issues raised in Davenport's appeal.

Whether Davenport's Claims Are Procedurally Barred.
The district court stated in its order that Davenport "has not raised any issues which could not have been raised on direct appeal" and that "[t]here are no facts raised by [Davenport] leading to issues that could not have been raised on direct appeal or in the prior [m]otion for [p]ost-[c]onviction [r]elief." Although the district court did not explicitly state that Davenport's claims were procedurally barred, it appears that the court relied upon this concept.
A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. *822 State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008). A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. Id. When a defendant was represented both at trial and on direct appeal by the same lawyers, generally speaking, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. State v. McHenry, 268 Neb. 219, 682 N.W.2d 212 (2004). Because Davenport was represented by the public defender's office at trial and on direct appeal, his initial postconviction action was his first opportunity to raise claims of ineffective assistance of counsel.
In Davenport's first postconviction action, he challenged the effectiveness of his counsel, but none of the areas of alleged ineffectiveness dealt with his convictions for both manslaughter and use of a weapon to commit a felony. An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. State v. Moore, 272 Neb. 71, 718 N.W.2d 537 (2006). Although the decision in State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002), had not been released at the time of Davenport's first postconviction action, as discussed above, the Pruett decision was driven in part by State v. Ring, 233 Neb. 720, 447 N.W.2d 908 (1989). And State v. Jones, 245 Neb. 821, 515 N.W.2d 654 (1994), overruled on other grounds, State v. Burlison, 255 Neb. 190, 583 N.W.2d 31 (1998), eliminated any requirement of intention to kill in committing manslaughter. The Jones opinion was released shortly after Davenport filed his initial brief on appeal, but prior to the filing of his reply brief and the issuance of our decision. He certainly could have raised any claims based upon Jones in his first postconviction action. Because Davenport could have raised in his first postconviction actionbased upon the reasoning in State v. Ring, supra, and State v. Jones, supraessentially the same issues he now raises based upon State v. Pruett, supra, his claims are procedurally barred.

Effect of Plain Error on Procedural Bar.
In Davenport's brief, he does not seem to quarrel with a determination that his claims are procedurally barred. Rather, he urges that his convictions and sentences for both manslaughter and use of a weapon to commit a felony are contrary to controlling law in Nebraska and thus constitute plain error. Because of the alleged plain error, Davenport argues that the court erred in "procedurally defaulting" his claim. Brief for appellant at 16. In support of his argument, he cites to State v. Burlison, 255 Neb. at 193, 583 N.W.2d at 34 (quoting State v. Hall, 249 Neb. 376, 543 N.W.2d 462 (1996), overruled on other grounds, State v. Burlison, supra), for the following proposition: "`[T]o use a procedural default or waiver as a means of ignoring a plain error that results in an unconstitutional incarceration would place form over substance; would damage the integrity, reputation, and fairness of the judicial process; and would render the plain error doctrine and postconviction relief remedies meaningless.'" This proposition originated in State v. Plant, 248 Neb. 52, 532 N.W.2d 619 (1995), overruled on other grounds, State v. Burlison, supra, where the trial court omitted malice as a material element of second degree murder *823 in its jury instruction and the State argued that the defendant waived his right to raise it in postconviction proceedings because the issue of the erroneous jury instruction was not raised at trial or on direct appeal. The Nebraska Supreme Court reasoned that the omission of the material element of malice from the second degree murder instruction made the defendant's conviction for second degree murder "constitutionally invalid, and postconviction relief is proper to rectify a constitutionally invalid conviction." Id. at 56, 532 N.W.2d at 622. The Nebraska Supreme Court similarly considered claims that would otherwise be procedurally barred in State v. Mata, 266 Neb. 668, 668 N.W.2d 448 (2003), and State v. Ryan, 249 Neb. 218, 543 N.W.2d 128 (1996), overruled on other grounds, State v. Burlison, supra. In our opinion, the instant case presents an analogous situation. Accordingly, despite what would otherwise be procedurally barred, in this instance we will consider whether Davenport's counsel failed to provide effective assistance.

Ineffective Assistance of Counsel.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Davenport has the burden to show that (1) counsel performed deficientlythat is, counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area and (2) this deficient performance actually prejudiced him in making his defense. See State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008) (construing Strickland v. Washington, supra). The prejudice prong requires that Davenport show a reasonable probability that but for counsel's deficient performance, the result of the proceeding in question would have been different. See State v. Jackson, supra. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. An appellate court can assess the prongs in either order. See id.
We rejected a postconviction claim similar to Davenport's in State v. Drinkwalter, 14 Neb.App. 944, 720 N.W.2d 415 (2006). But there is a key distinction. The convictions in Drinkwalter were the result of a plea bargain, which we recognized to be a "significant benefit" to the defendant. Id. at 954, 720 N.W.2d at 423. To demonstrate the benefit to the defendant, we noted:
[I]n the first trial, he had been sentenced to death for the first degree murder conviction and 6 to 12 years' imprisonment on the use of a weapon to commit a felony conviction. After the Supreme Court reversed the decision and remanded the cause for a new trial, [the defendant] faced the charges of use of a weapon in the commission of a felony and first degree murder again, which could mean a death sentence again or life in prison without parole. He entered into negotiations for a plea agreement. The State offered a greatly reduced charge of manslaughter, a Class III felony, which is punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both, and a minimum of 1 year's imprisonment, and the State retained the charge of using a weapon to commit a felony, a Class III felony.
Id. at 954-55, 720 N.W.2d at 423-24. Like in State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002), but in contrast with Drinkwalter, Davenport was convicted following a trial; thus, no plea agreement was involved.
As discussed above, the Pruett decision was released well after Davenport's trial, direct appeal, and first postconviction proceeding. Davenport's argument recognizes that under State v. Jones, 245 Neb. 821, 515 N.W.2d 654 (1994), overruled on other grounds, State v. Burlison, 255 Neb. *824 190, 583 N.W.2d 31 (1998), there is no such crime as intentional manslaughter. He then cites to the holding in Pruett and states that his "[t]rial/[a]ppella[te][c]ounsel failed to address this issue at trial or on direct appeal." Brief for appellant at 15-16. Although in Pruett the Supreme Court extended to manslaughter the rationale of State v. Ring, 233 Neb. 720, 447 N.W.2d 908 (1989), Ring did not involve manslaughter. And although the decision in Ring was available at the time of Davenport's trial, the Jones case had not been decided. In other words, at the time of Davenport's convictions, it was not clear that manslaughter was a purely unintentional crime. The failure to anticipate a change in existing law does not constitute ineffective assistance of counsel. State v. Billups, 263 Neb. 511, 641 N.W.2d 71 (2002). Accordingly, Davenport's trial counsel was not ineffective.
We also conclude that on direct appeal, Davenport's counsel was not ineffective. As we noted above, the Jones decision was released shortly after Davenport's counsel filed the appellate brief containing the various assignments of error. Nonetheless, the significance of the Jones decision in relation to the Ring case did not become manifest until the Supreme Court's decision in Pruett. The fact that the Pruett decision makes no mention of Jones in determining that Pruett's manslaughter conviction could not support the use of a weapon charge reinforces our conclusion that Davenport's counsel was not ineffective in not linking Jones to Ring. We cannot conclude that Davenport's appellate counsel failed to perform at least as well as a criminal lawyer with ordinary training and skill in the area.
Finally, the doctrine of ineffective assistance of counsel has no application to Davenport's first postconviction proceeding. Because Davenport had the same counsel at trial as on direct appeal, his initial postconviction proceeding was the first "real" opportunity to raise ineffectiveness of counsel. Although the district court provided Davenport with appointed counsel for the appeal in his first postconviction proceeding, there is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel. See State v. Bao, 269 Neb. 127, 690 N.W.2d 618 (2005).

Denial of Evidentiary Hearing.
An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008). Although we considered Davenport's claims as though they were not procedurally barred, we agree that the records and files affirmatively show that Davenport was not entitled to postconviction relief. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. State v. Marshall, 269 Neb. 56, 690 N.W.2d 593 (2005).

CONCLUSION
We considered Davenport's claim based upon State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002), even though it would otherwise be procedurally barred. However, *825 we conclude that he failed to show that his trial or appellate counsel performed deficiently. Because the record affirmatively shows that Davenport was not entitled to postconviction relief, we affirm the district court's denial, without holding an evidentiary hearing, of Davenport's second motion for postconviction relief.
AFFIRMED.