IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. SOTO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KEVIN J. SOTO, APPELLANT.

Filed May 26, 2015.    No. A-14-1017.

Appeal from the District Court for Scotts Bluff County: RANDALL L. LIPPSTREU, Judge. Affirmed.

Sterling T. Huff, of Island & Huff, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Kevin J. Soto appeals from his plea-based conviction in the district court for Scotts Bluff County for felon in possession of a deadly weapon, not a firearm, in violation of Neb. Rev. Stat. § 28-1206 (Cum. Supp. 2014). Soto's arguments on appeal hinge primarily on his assertion that because his prior felony convictions were set aside upon his successful completion of and discharge from probation and his civil rights were restored pursuant to statute, he was no longer a convicted felon prohibited from possessing firearms at the time he possessed the weapons that led to the charges in this case. Finding no merit to Soto's assigned errors, we affirm.

### BACKGROUND

Soto was previously convicted in the district court of felony theft and felony falsifying sales tax documents. On January 12, 2001, Soto was sentenced to a term of probation on both

counts. Soto satisfactorily completed the conditions of his probation and was discharged from probation. On January 4, 2007, the court sustained Soto's motion to set aside his convictions pursuant to Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2006). In granting Soto's motion, the court stated, "[Soto's] motion is sustained. The conviction in this matter is hereby set aside. Pursuant to [§ 29-2264], [Soto's] conviction in this matter is nullified. All civil disabilities and disqualifications imposed as a result of the conviction are removed."

On February 27, 2014, the State filed a complaint in the county court, charging Soto with four counts of being a felon in possession of a firearm, in violation of § 28-1206(3)(b), all Class ID felonies. Following a preliminary hearing, Soto was bound over to the district court for trial. The State filed an information in the district court on March 21, 2014, alleging that on four dates between September 2013 and February 2014, Soto, a person who had previously been convicted of a felony, was in possession of a firearm.

Soto filed a plea in abatement, which was overruled by the district court on June 2, 2014. Soto challenged the evidence that he was a prior convicted felon prohibited from possessing firearms, claiming, based on the January 2007 set aside of his prior convictions, that he was no longer a convicted felon and could legally possess firearms on the dates charged. The court determined, based on its analysis of Nebraska case law and statutes, that the restoration of Soto's civil rights did not nullify his prior felony convictions for purposes of § 28-1206 and that there was sufficient evidence presented at the preliminary hearing for a bind over. Accordingly, the court overruled Soto's plea in abatement.

Soto also filed a motion to quash, which was overruled by the district court on July 15, 2014.

The State and Soto entered into a plea agreement, whereby the State would file an amended information, charging Soto with one count of being a felon in possession of a deadly weapon, not a firearm. In exchange for Soto's plea to the reduced charges, the State agreed to remain silent at sentencing and recommend probation. We note that the amended information filed by the State on September 5, 2014, did not allege that Soto was a person previously convicted of a felony and does not contain the words "by a prohibited person." The amended information did state that Soto "[o]n or about September 10, 2013, then in Scotts Bluff County, did then and there possess a deadly weapon which was not a firearm, to-wit: a shotgun, contrary to the statutes of the State of Nebraska." The caption of the amended information indicated that Soto was being charged with possession of a deadly weapon in violation of § 28-1206(3)(a), a Class III felony.

A plea hearing was held before the district court on September 5, 2014. The court explained and Soto stated that he understood his constitutional rights, the consequences of a plea agreement, the charges, and the possible penalties that could be imposed. Specifically, with respect to the amended charges, Soto acknowledged his understanding that pursuant to the plea agreement, he was being charged with one count of "a Class III felony possession of a deadly weapon." After the amended information was read aloud, Soto acknowledged that he was being charged with the possession of a deadly weapon by a convicted felon.

After Soto entered a plea of no contest to the charge contained in the amended information, the State provided a factual basis to support the plea. For its factual basis, the State asked the court to take judicial notice of the pleadings and transcription of and exhibits from the preliminary

hearing, which the court did. The court also received into evidence, a certified copy of Soto's prior felony conviction offered by the State, and an expanded copy of the record of the prior felony case, offered by Soto, which included the rest of his sentencing and the set aside order.

To supplement the factual basis provided through the exhibits, the State explained that while investigating property that had been pawned, the Nebraska State Patrol identified approximately $2,000 worth of guns that had been pawned by Soto in Scottsbluff, Nebraska. Security footage from the pawn shop showed Soto holding shotguns and giving them to store employees. The State Patrol contacted Soto because he was a convicted felon and he admitted to taking the shotguns to the pawn shop. During his interview, Soto admitted that he pawned the guns, knowing he was a convicted felon and that he was not to possess guns until he was fully pardoned by the governor, which had not yet occurred as of the date of the plea hearing. Soto explained to the State Patrol that he decided to pawn the guns because he was going through some financial difficulties. The guns had been stored at a hunting facility owned by a friend, and Soto had another friend bring him the guns, after which, he took the guns to the pawn shop in exchange for cash.

The district court found beyond a reasonable doubt that Soto's plea had been made freely, voluntarily, and intelligently, and that there was a factual basis for the plea. The court accepted Soto's plea and found him guilty as charged in the amended information.

On October 22, 2014, the district court sentenced Soto to 48 months of probation.

## ASSIGNMENTS OF ERROR

Soto asserts, restated, that the district court erred in (1) finding a sufficient factual basis to support his no contest plea because his civil rights were previously restored, (2) accepting his plea of no contest because the amended information failed to allege that he had a valid prior felony conviction, and (3) denying his motion to quash.

## STANDARD OF REVIEW

A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008). A judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right, and denying a just result in matters submitted for disposition. *State v. Johnson*, 290 Neb. 369, 859 N.W.2d 877 (2015).

The meaning and interpretation of a statute are questions of law, which an appellate court reviews independently of the lower court. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court. *State v. Gozzola*, 273 Neb. 309, 729 N.W.2d 87 (2007).

## ANALYSIS

*Sufficient Factual Basis.*

Soto asserts that the district court erred in finding a sufficient factual basis to support his no contest plea because his civil rights were previously restored. Specifically, he argues that the

set aside of his prior felony conviction in January 2007 pursuant to § 29-2264 restored all of his civil rights, so that he was no longer a convicted felon for purposes of § 28-1206, the statute under which he was convicted.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000). When a defendant pleads guilty, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Payne*, 289 Neb. 467, 855 N.W.2d 783 (2014). To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id.*

The record shows that Soto was assisted by counsel when he entered his no contest plea. Before accepting Soto's plea, the district court informed Soto and Soto expressed his understanding of the nature of the charges, his various rights, and the range of penalties. The record shows that Soto made his plea voluntarily and intelligently and that he was aware of the rights waived by entering the plea.

The record further affirmatively shows that there was an adequate factual basis for the plea of no contest to the charge of possession of a deadly weapon in violation of § 28-1206(3)(a). We reject Soto's argument that because his conviction had been set aside, he could not be convicted under this statute.

Soto obtained a set aside of his prior felony conviction pursuant to § 29-2264(2), which currently provides:

> Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court or is sentenced to a fine only, he or she may, after satisfactory fulfillment of the conditions of probation for the entire period or after discharge from probation prior to the termination of the period of probation and after payment of any fine, petition the sentencing court to set aside the conviction.

See Neb. Rev. Stat. § 29-2264(2) (Cum. Supp. 2014). An order granting an offender's petition under § 29-2264 nullifies the conviction and removes "all civil disabilities and disqualifications imposed as a result of the conviction." § 29-2264(4). However, the setting aside of a conviction pursuant § 29-2264 does not preclude proof of the conviction for certain purposes, such as determining the sentence on any subsequent conviction of a criminal offense. See § 29-2264(5)(a) through (i).

Soto points out that although there have been some changes to § 29-2264 since he was sentenced in 2001, none of the versions in effect since that time have mentioned a person's right to possess a firearm as an exception to the rights restored by the statute. His arguments, however, ignore Neb. Rev. Stat. § 83-1,130(2) (Reissue 2014), which provides:

> The Board of Pardons may, in appropriate cases when a person has been convicted of a felony and has been granted a pardon by the appropriate authority of this state or is hereafter

- 4 -

granted a pardon for a conviction occurring prior to, on, or subsequent to August 25, 1969, empower the Governor to expressly authorize such person to receive, possess, or transport in commerce a firearm.

The interplay between § 29-2264 and § 83-1,130 was examined by the Nebraska Supreme Court in *State v. Illig*, 237 Neb. 598, 467 N.W.2d 375 (1991), where the Court held that the release of a convicted felon from probation and the restoring of his or her civil rights under § 29-2264 does not nullify that conviction under the terms of § 28-1206(1), which prohibits a person who has previously been convicted of a felony from possessing certain types of firearms. The *Illig* court further determined that under § 83-1,130(2), a felon's right to possess firearms is not restored even after a pardon absent express authorization signed by the governor. See, also, *McCray v. Nebraska State Patrol*, 271 Neb. 1, 710 N.W.2d 300 (2006) (re-confirmed the ruling in *Illig*).

Soto argues that the decision in *Illig* was wrong and should not be followed based on what he alleges is a conflict between the holding in *Illig* and certain federal statutes. Soto relies on 18 U.S.C. § 922(g) (2012), which makes it unlawful for a person convicted in any court of a crime punishable by imprisonment for more than a year "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The definition of what constitutes conviction of a crime punishable by more than a year in prison for purposes of the federal gun control act is found in 18 U.S.C. § 921(20) (2012), which provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction *for purposes of this chapter*, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(Emphasis supplied.) The definition found in § 921(20) is, by its terms, applicable to prosecutions under the federal act and has no bearing on what is considered a prior felony conviction for purposes of § 28-1206, the statute under which Soto was convicted.

In the years since *Illig*, the Nebraska Legislature has not specifically amended § 29-2264 in response to that decision. Nor has the Nebraska Supreme Court reversed its ruling in *Illig*. Despite Soto's arguments to the contrary, we are required to follow the precedent established in *Illig*. Vertical stare decisis compels lower courts to follow strictly the decisions rendered by higher courts within the same judicial system. *State v. Wulf*, 22 Neb. App. 211, 849 N.W.2d 588 (2014).

*Sufficiency of Amended Information*.

Soto asserts that the district court erred in accepting his plea of no contest because the amended information failed to allege that he had a valid prior felony conviction. He did not question the amended information at the plea hearing, file a motion to quash or a plea in abatement with respect to it, or question it in any way prior this appeal.

Objections to the form or content of an information should be raised by a motion to quash. *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011). Defects and omissions which pertain to

the form of the complaint or information or to the fact that the information or complaint is inartfully drawn are waived by not objecting at the preliminary stages of the proceeding or, as to some matters, before determination of the issue on the merits. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). An information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012). A complaint or information is fatally defective only if its allegations can be true and still not charge a crime. *Id.*

Although the amended information did not contain the words "by a prohibited person," it charged Soto with possession of "a deadly weapon which was not a firearm . . . contrary to the statutes of the State of Nebraska." It also shows that Soto was being charged with possession of a deadly weapon under § 28-1206(3)(a). Reference to that statutory section shows that it prohibits possession of a deadly weapon by a prohibited person. We conclude that the amended information is not fatally defective.

Further, Soto acknowledged during the plea hearing that he was being charged with and pleading no contest to being a felon in possession of a deadly weapon. Pursuant to the factual basis recited by the prosecutor, the State Patrol contacted Soto because he was a convicted felon and he admitted to taking the shotguns to a pawn shop and pawning them, knowing he was a convicted felon and that he was not to possess guns until he was fully pardoned by the governor. Generally, a guilty plea admits all facts recited in open court by the State and all facts alleged in the information or complaint, including the fact that the offense was committed and the time and place of its commission. *Peterson v. Houston, supra*. By his plea of no contest, Soto admitted to being a felon in possession of a deadly weapon in violation of § 28-1206. He did not challenge the amended information in any way until this appeal. The information was not fatally defective and to the extent there were defects, Soto has waived them. This assignment of error is without merit.

*Motion to Quash.*

Soto asserts that the district court erred in denying his motion to quash. The motion to quash was filed with respect to the original information. Subsequent to the court's denial of Soto's motion, the State filed an amended information. An amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any office as a pleading. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). Accordingly, this assignment of error is moot.

CONCLUSION

There was a sufficient factual basis to support Soto's plea of no contest and the district court did not abuse its discretion in accepting his plea. The amended information was not fatally defective and to the extent there were any defects, they were waived by Soto's plea. The court's ruling on Soto's motion to quash the original information is moot.

AFFIRMED.